MOSE SWANSON v. THE STATE.

No. 12109.   Delivered February 6, 1929.
Rehearing granted June 26, 1929.

The opinion states the case.

*Gibson, Lovett & Lovett* of Corsicana, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Complaint properly directed at the legality of the search warrant had by the officers at the time they searched appellant's car, must be sustained. Said warrant was issued on November 10, 1927, upon the affidavit of two witnesses. It was not executed until November 17th. From the evidence heard it appears that on November 16th the officer who had said warrant, under permission of the issuing magistrate, changed the date of issuance thereof from November 10th to November 16th, and at the same time and with the same permission, he inserted in the affidavit matters further descriptive of the automobile alleged to belong to appellant. Art. 317 C. C. P., plainly and positively says of a search warrant, that it *must* be executed within three days from date of issuance, and this mandate of the statute was embodied and made part of the warrant itself in this case. Three full days after date of issuance on November 10, 1928, said warrant became functus officio, and we perceive no way by which life could be injected into it thereafter. We are not called on to discuss the question as to whether a new warrant could have been legally issued upon a legal affidavit on file in the office of the magistrate, after the demise by limitation of the unexecuted warrant. Under the facts before us in this case we must hold the warrant invalid, and the search,—in so far as its legality depended on the warrant,—to be also unauthorized. The question still remains in

the case under the facts whether a warrant was necessary, and whether the evidence of the officers was properly received. Swanson had twenty-two half gallons of whisky in his car and was approaching Corsicana about 6:30 A. M. For some undisclosed reason the officers left Corsicana about 4:00 A. M. that morning and went down that road purposely to arrest this appellant. They said they "suspicioned" him. When appellant appeared he had the side curtains of his car down. The officers drove up beside his car. Officer Speed testified as follows:

"I stepped off the running board of our car onto the running board of Mose Swanson's car. I told Swanson that we wanted to look the car over. He said, 'You boys have got me.' I had told him before this that we wanted to look him over. He then, made the remark, 'Boys, you have got me.' He made this remark to Pevehouse and myself. That is not all that he said at that time. He said that he had some mighty good liquor there. When I told him that we wanted to look him over, he responded then, 'You boys have got me.' "

This testimony is in no way disputed or contradicted. Appellant did not testify. We think such facts fully justified the action of the officers in searching appellant's car, upon probable cause and without search warrant. It follows that even if we hold the search warrant illegal, we must uphold the action of the learned trial judge in admitting the testimony of the officers as to what was found in the car. The statements of appellant, who was then engaged in the commission of a felony, were res gestae of the offense, and hence admissible without regard to the question of arrest. Weatherly v. State, 109 Texas Crim. Rep. 548; Haley v. State, 108 Texas Crim. Rep. 611; Dixon v. State, 108 Texas Crim. Rep. 650.

When appellant told the officers that they had him, that he had some mighty good liquor there, this furnished sufficient basis for their search. Haynes v. State, 9 S. W. (2d) 1043; Pena v. State, No. 12046, not yet reported. In Haynes case, supra, we said that if the officers had heard appellant make a statement, attributed to him, before they searched, such admission in connection with what they saw, might have authorized a search. In Pena's case, supra, we held a search authorized by the admission of appellant to the officer that he had liquor in his suit case.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes a persuasive argument which challenges our attention to the fact that in the testimony of the two officers who searched his car on the occasion of the finding in same of a quantity of intoxicating liquor, there exists a condition of conflict which leaves the record in some doubt as to whether the search was actually made upon a waiver by the appellant of a search warrant. It is also in some doubt as to whether the State has shown that there was probable cause for the search of appellant's car, without warrant. This much is said in view of the fact that in our original opinion we decided that the search warrant had by the officers was illegal and defective. Mr. Speed, testifying for the State, makes it appear that he was the first officer to reach appellant's car, and that he told appellant that they wanted to look the car over, and that appellant said to him: "You boys have got me," and that appellant further said that he had some mighty good liquor there, and that this transpired before the officers had opened the car door, or had unfastened the curtains of the car. If these facts were established, this would furnish probable cause. Mr. Speed also testified that when he stepped upon the running board and told appellant he wanted to look the car over, the latter said all right. This might amount in law to a waiver of appellant's right to require a search warrant. The testimony of Mr. Pevehouse is somewhat different from that of Mr. Speed, and from same the conclusion might be reached that the curtains of the car were opened, and the search of same thus begun, before any statements were made by appellant. Apparently the two officers were together, and while some suggestion appears that Mr. Pevehouse went around a different side of the car from the one where Mr. Speed was, and he may not have heard all the conversation between appellant and Mr. Speed, still the testimony in this condition of confusion makes us unwilling to adhere to the conclusion announced in our original opinion, based chiefly upon the testimony of Mr. Speed. The matter can be more fully developed upon another trial, in which the issue of the regularity and legality of the warrant will not be involved.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*