ANTHONY T. GIACONA V. STATE

No. 31,067. January 13, 1960
Motion for Rehearing Overruled March 2, 1960

*Clyde W. Woody* and *Carl E. F. Dally*, Houston 2, for appellant.

*Dan Walton*, District Attorney, *Howell E. Stone, Morgan W. Redd*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of marijuana; the punishment, 15 years.

Officers Burke and Hightower of the narcotics squad of the Houston police department testified that, armed with a search warrant, they went to the vicinity of 2407 Shearn Street. Burke went around the house located on the front of the lot at such address and encountered appellant between such house and a three-apartment unit located at the rear of the lot. He there searched appellant's person and found a quantity of bulk substance, which was later shown to be marijuana, in his pants pocket. At about this time, Hightower arrived where the parties were standing and engaged appellant in conversation. Appellant reached in his shirt pocket, handed Hightower what was later shown to be a marijuana cigarette in a Camel cigarette package and said, "Buster, you might as well have these too."

Appellant did not testify or offer any evidence in his own behalf. We have been favored with an exhaustive brief and shall discuss those of appellant's contentions which we deem controlling.

He first contends that the arrest and search were illegal because the search warrant in the officers' possession authorized a search of one of the apartments at the rear of the lot. We need not consider this contention because no evidence obtained by the search of a house was introduced. The warrant is substantially in the terms suggested in Willson's Criminal Forms, 6th Edition, Sec. 3258, and concludes with this phrase: "And you are hereby further commanded to arrest the said Tony Giacona a white male and others unknown to affiants, the person accused of the unlawful possession, sale and equip-

ment." Appellant argues that this is not a valid warrant authorizing the arrest of appellant and the incident search of his person because it was incorporated in a search warrant and was, under the warrant, not to become operative until the officers found some of the contraband named in the warrant. He relies upon Gattus v. State, 105 A. 2d 661. We have examined Gattus with care and have concluded that that portion of the opinion upon which appellant relies was dicta and therefore not persuasive. The court in Gattus had already held the warrant invalid because it failed to show a violation of the law before they reached the question of the effect of an arrest warrant incorporated in a search warrant. We find nothing in Article 314, V.A.C.C.P., which authorizes the incorporation of an arrest warrant in a search warrant, indicating a legislative intent at odds with our holding here that this constituted a valid warrant of arrest.

He next contends that the warrant was invalid because it was not supported by a sufficient affidavit. The affidavit is substantially the same as the one approved by this court in Davis v. State, 165 Tex. Cr. Rep. 2, 302 S. W. 2d 419. It first recites that the officers have reason to believe and do believe that Tony Giacona, the person occupying said premises, has in his possession narcotic drugs and continues as follows: " . . . that on or about the 30th day of December A.D. 1958 (the date of the warrant) affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbiturates, amphetamine and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law."

Reliance is had upon a number of cases, principal of which is Giordenello v. U. S. 357 U. S. 480 2 L. ed. 2d 1503, 78 S. Ct. 1245. Giordenello was prosecuted in the Federal court for a violation of the Harrison Act The warrant was issued under Rules 3 and 4 of the Federal Rules of Criminal Procedure and merely contains a recitation that Giordenello "did receive, conceal, etc., a narcotic drug" without continuing further with allegations kindred to those quoted above. We are not unmindful of the fact that the Supreme Court of the United States tested the sufficiency of the complaint in the light of the Fourth Amendment, but we do conclude that recitations shown above are sufficient to sustain the affidavit in the light of the Texas statutes and the Fourth Amendment.

Byars v. U. S. 273 28, 71 L. ed. 520, 47 S. Ct. 248, does not support appellant's claim that Section 16 of Article 725b Vernon's Ann. P.C. is unconstitutional because in Byars, as in Giordenello, there was no allegation, as we have in the complaint before us, that the officers had that day received reliable information from a credible person that a violation of the law had occurred.

Finding the facts sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.