DOUGLAS RAY FLETCHER V. STATE

No. 32,999. February 22, 1961

Motion for Rehearing Overruled April 12, 1961

*James H. Martin*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Jerome Chamberlain, Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge

The offense is possession of amidene, a narcotic drug, with a prior conviction for an offense of like character alleged for enhancement; the punishment, 28 years.

A prior conviction of this appellant as a third offender, growing out of this same transaction, was by this court reversed because of a defect in the indictment. Fletcher v. State, 169 Tex. Cr. R. 506, 335 S.W. 2d 613.

Police officers, armed with a search warrant, waited outside appellant's house on the morning in question until he came out; he was arrested between his door and his automobile and taken back in the house. A search of appellant's person revealed a bottle containing 42 tablets, which were later shown by testimony of the chemist to contain amidene, a narcotic drug, and a box containing "two hypodermic syringes and needle." A search of the house revealed "another hypodermic syringe in a purse in the bedroom."

The prior conviction was proven.

Appellant did not testify but offered the testimony of his common law wife given at the prior trial, which recited that appellant had been thrown to the ground during the course of the

arrest and had skinned his nose and that appellant was not a user of narcotics. The testimony of appellant's employer to the effect that appellant was gainfully employed was also reproduced, as was the testimony of Mrs. Lowe which stated that at the time of the arrest she saw several men, whom she later learned to be officers, when "they got him down and they got something out of his hand."

Appellant also called his sister, who testified that appellant was not a narcotic user but that his wife was and that she was at the time of this trial in the penitentiary. She further testified that she saw appellant in the jail shortly after his arrest and that he had a skinned place on his nose.

We shall discuss the contentions advanced in the brief.

**This was not an arrest without a warrant, as appellant contends, because the search warrant concluded with the phrase, "And you will also arrest and bring before me, at said place and time, the said Douglas Ray Fletcher * * *."** In Giacona v. State, 169 Tex. Cr. R. 101, 335 S.W. 2d 837, we held that a search warrant which concluded with almost the exact phraseology was a valid warrant of arrest, and therefore the issue of probable cause and arrest without a warrant was not in the case.

Appellant objected to the proof as to the prior conviction, alleging a variance. The indictment described the prior conviction as Cause No. 6345 HIJ in the Special Criminal District Court of Dallas County wherein Douglas *Ray* Fletcher was defendant in 1954. The proof tracked the indictment except that it showed that Douglas Roy Fletcher had been convicted and came from the files of Criminal District Court No. 3 of Dallas County. Attention is called to the fact that the Special Criminal District Court of Dallas County became Criminal District Court No. 3 by virtue of Article 52-24c, V.A.C.C.P., ninety days after June 5, 1955. Appellant concedes that the variance as to the middle name is not fatal.

Appellant next contends that by questioning the state got before the jury the contents of the affidavit for the search warrant. We do not agree. Appellant objected on the ground that his arrest was unlawful. The state then tendered the court, *for his examination alone,* the affidavit and the warrant. This was the proper procedure.

During the course of the examination of Officer Cornwall,

appellant made an oral motion for continuance, alleging that the witness had changed his testimony from that which he gave on the prior trial, pleading surprise and stating that the only way he could rebut such testimony would be to call appellant's wife who was incarcerated in the penitentiary. The only change which he alleged was that at the former trial the witness had not testified about finding the syringe in the bedroom. The witness testified that he was not asked about that particular matter at the former trial, and so no change in testimony is shown. An examination of the record in the prior trial supports his testimony. Further, the record reflects that appellant and his counsel, prior to trial, agreed to proceed to trial without his wife being present and have her testimony reproduced.

Appellant's last contention is that the search warrant was "functus officio" because more than three days had elapsed between its issuance and execution. He overlooks Article 318, V.A.C.C.P., which provides that the three days mentioned in the preceding article are calculated "exclusive of the day of its issuance and of the day of its execution."

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.