**Billy J. DAWSON and Lois Mae Ervin, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44461.**

Court of Criminal Appeals of Texas.

Feb. 2, 1972.

Rehearing Denied March 22, 1972.

J. Robert Sheehy, Waco, for Billy Joe Dawson.

Ted Fair, Waco, for Lois Mae Ervin.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from convictions for the possession of heroin where the jury assessed the punishment for each at thirty years.

Officers of the Texas Department of Public Safety and local police officers went to 808 North 5th Street in Waco armed with a search warrant. The search warrant included an order for the arrest of the two appellants. The officers arrived in several unmarked cars and saw the appellants leave the above address, get in Dawson's car and drive away. Dawson drove and Miss Ervin sat on the passenger's side in the front seat. The officers followed. The appellants turned off North 5th Street onto Waco Drive and then spotted the officers. They sped off in excess of 80 miles per hour but were stopped by the officers about a quarter of a mile away. Two officers went to the driver's side of the car and arrested him. They observed a pistol in his belt and removed it. They also found a matchbox in his pocket which contained "three rubber fingerstalls with some kind of soft substance" later identified as heroin.

Miss Ervin was placed in one of the unmarked cars, informed about the warrant, returned to 808 North 5th Street, and searched by two female officers. They found on her a matchbox containing heroin.

The sufficiency of the evidence is not challenged.

Both appellants complain in their first ground of error of the trial court's refusal to suppress evidence found on their persons because the arrest was illegal. The State argued at the hearing on the motion to suppress principally on the basis of Article 14.04, Vernon's Ann.C.C.P., but also argued that the search warrant itself ordered an arrest of both appellants. Article 725b, Section 16, Vernon's Ann.P.C., provides for the issuance of search warrants for narcotic drugs, and Articles 18.10 and 18.11, V.A.C.C.P., provide that a warrant to arrest may issue with a search warrant and that a search warrant may order an arrest. Hence, a search warrant properly issued on the basis of probable cause for the search of certain premises for narcotic drugs may also order the arrest of those persons, named or unnamed, for whom probable cause exists to believe are in possession of the narcotic drugs, Olivia Garza v. State, Tex.Cr.App., 456 S.W.2d 374; Doby v. State, Tex.Cr.App., 363 S. W.2d 286; Giacona v. State, 169 Tex.Cr.R. 101, 335 S.W.2d 837. In each of the three cited cases the person arrested was not inside the premises stated in the warrant when arrested. In Mosse v. State, 332 S. W.2d 383 (Tex.Civ.App.), relied upon by appellant, no mention was made as to whether the search warrant also ordered the arrest of the defendant. We assume it did not. The contention that the arrests were illegal is overruled.

Dawson complains that the trial court erred in denying his motion to sever, especially on the question of punishment. Both appellants received the same punishment of thirty years. No prior felony convictions were shown for either. Both had bad rep-

utations according to the State's reputation witnesses. The bad reputation of Dawson was only for the past nine months to a year; that of Appellant Ervin was not so limited and included complaints of prostitution and a charge on felony theft. Ten reputation witnesses testified that Dawson's reputation had been good up until six months prior to the alleged offense. No reputation witnesses appeared on behalf of Ervin. Both appellants applied for probation.

 Article 36.09, V.A.C.C.P. (1972 Supp.), providing for severance of two or more defendants, makes severance discretionary with the trial court unless one defendant has an admissible prior conviction while the person seeking the severance does not. Holbert v. State, Tex.Cr.App., 457 S.W.2d 286; Younger v. State, Tex. Cr.App., 457 S.W.2d 67; Robinson v. State, Tex.Cr.App., 449 S.W.2d 239; Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807. No abuse of discretion has been shown. The trial court might see fit to grant a severance in the event of another trial.

Both appellants complain that the trial court (after a hearing on the motion to suppress wherein the court determined that probable cause existed to support the warrant for search and arrest) allowed, before the jury, testimony of probable cause by Dick Nelson, Narcotics Agent for the Texas Department of Public Safety, as follows:

"Q. (By the prosecutor) And what was your information, or did you have any information?

"A. Yes, sir, we had received information.

"MR. SHEEHY: We'll object to the information we (sic) received as being hearsay.

"COURT: I assume it relates . . .

"MR. BURDETTE: To probable cause, your Honor.

"COURT: I'll overrule your objection.

"MR. SHEEHY: Note our exception.

"A. We had received information, confidential information from an Informant that Billy Jo Dawson and Lois Mae Ervin were in possession of a quantity of Heroin.

"COURT: I think the jury is having trouble hearing you, so if you will please speak up.

"A. We had received this information from a confidential source that the defendants were in possession of a narcotic drug, Heroin."

In Cabrera v. State, Tex.Cr.App., 395 S.W.2d 34, where no hearing had been held on admissibility, we stated it was reversible error to admit before the jury hearsay testimony of an officer about information received from a reliable and credible person. In Rosales v. State, Tex.Cr.App., 399 S.W.2d 541, the defendant was convicted of possession of marihuana. After hearing outside the presence of the jury, the court held the evidence to be admissible. The trial court then instructed the prosecutor not to question the officers regarding information that led them to go to a particular place where the arrest was made. At trial the instruction was violated but the trial court admitted the testimony not for the truth but to show a basis for the officers' action. A limiting instruction was given. We held that since no issue of probable cause was before the jury and the hearsay information was highly prejudicial, the defendant was entitled to be granted another trial. See Vara v. State, Tex.Cr. App., 466 S.W.2d 315.

 In the present case the issue of probable cause had already been determined and was not before the jury. The hearsay testimony was admitted specifically on the issue of probable cause. Timely objection for both appellants to its admission was made. We again hold that where there is no issue of probable cause before

the jury, admission of prejudicial hearsay testimony is reversible error.

We do not discuss other grounds of error raised by the appellants since they are not likely to arise in the event of a new trial. We would, however, suggest that the probation officer not be allowed to testify before the jury that he does not recommend probation in the event of another trial.

The judgment is reversed and the cause remanded.

MORRISON, J., not participating.