**Carmen Connie LOY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46030.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Baker, Coltzer & Coltzer, Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for possession of heroin; the punishment, five years' imprisonment.

Appellant challenges the legality of her arrest and the subsequent search of her person at the county jail. A Galveston police officer, after receiving information from an informer that appellant kept heroin at her place of business and at home, obtained two warrants on April 29, 1971. The warrants authorized a search for heroin at both places. Each warrant also ordered the arrest of appellant for possession of heroin. That same day officers went to the La India Bar, the place named in one of the warrants, where they found appellant and took her into custody. No heroin was found. They then proceeded, along with appellant, to the place named in the other warrant, appellant's home, where a search of the garage produced a small piece of waxed paper containing what appeared to be heroin. Appellant was shortly thereafter searched at the county jail. During the search a jail matron saw fall from appellant's bra an aluminum package. Subsequent analysis by a chemist showed the package contained the heroin for possession of which she was later convicted.

Appellant contends that the warrants, the validity of which she does not contest, did not authorize her arrest at the La India Bar before any heroin was found. The pertinent portions of the warrants (which are identical except for the descriptions of the places to be searched) read as follows:

" . . . You are therefore commanded to forthwith search the premises therein named and described . . . where a narcotic drug, to wit, Heroin, is alleged to be concealed and if you find that for which you are directed to search, you will seize the same and bring it before me at the Court House in Galveston County on the 3rd day of May, A.D.1971; and you will also arrest and bring before me, at said place and time, the said Carmen Connie Loy accused of possessing a narcotic drug, to wit, Heroin . . . . . ."

Appellant argues that this command to arrest her is conditioned upon the officers' finding heroin on the premises, and reasons that since appellant was arrested at the La India Bar before any heroin was found, the arrest was illegal. The language of this warrant is similar to those involved in Giacona v. State, 169 Tex.Cr.R. 101, 335 S.W.2d 837 (Tex.Cr.App.1960), and Fletcher v. State, 171 Tex.Cr.R. 74,

344 S.W.2d 683 (Tex.Cr.App.1961).[1] In Giacona v. State the Court held that the warrant authorized the search of certain premises and also the arrest of a named person, unconditioned on discovery of the items named in the search warrant. See also Dawson v. State, 477 S.W.2d 277 (Tex.Cr.App.1972). We overrule appellant's contention.

 Appellant says that the search at the county jail was outside the scope of the warrants. We cannot agree. The male officers who arrested appellant took her immediately after their search of her home to the county jail, where a matron conducted the search before appellant was taken to her cell. The fact that a search incident to a valid arrest takes place at the county jail soon afterwards does not cause the search to be illegal. Brown v. State, 498 S.W.2d 343 (Tex.Cr.App.1973); Johnson v. State, 397 S.W.2d 441 (Tex.Cr.App. 1965); King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501 (1958); Austin v. State, 244 S.W.2d 820 (Tex.Cr.App.1952).

Appellant's first ground of error is overruled.

Appellant also argues there was reversible error in the trial court's refusal to allow appellant to introduce evidence of the conviction of the appellant's common-law husband for possessing heroin on April 2, 1971. She attempted to introduce the indictment and judgment of conviction to show that her husband committed the offense with which she was charged. The proof offered by appellant that her common-law husband possessed heroin almost a month earlier, however, would not be probative on the issue of whether she possessed heroin on the date alleged, April 29th, and certainly would not be inconsist-

ent with appellant's guilt. See Ferrell v. State, 429 S.W.2d 901 (Tex.Cr.App.1968); Daltwas v. State, 375 S.W.2d 732 (Tex. Cr.App.1964); 23 Tex.Jur.2d, Evidence, Section 202 at p. 313. The trial court properly excluded the evidence.

This contention is overruled.

The judgment is affirmed.

Opinion approved by the Court.

The warrant in Fletcher v. State, reads as follows:
"And you will also arrest and bring before me, at said place and time, the said Douglas Ray Fletcher."