Silas Leonard **MORGAN**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 49023.**

Court of Criminal Appeals of Texas.

Nov. 27, 1974.

George W. Morris, Conroe, for appellant.

Ellis A. Oualline, Jr., Dist. Atty., and William M. Hill, Asst. Dist. Atty., Conroe, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of marihuana. The record reflects that the jury assessed punishment at ten (10) years on March 29, 1973, and sentence was pronounced on April 12, 1973.

At the outset, appellant contends that the affidavit underlying the search warrant was insufficient to reflect probable cause in that the two-prong test of *Aguilar* was not satisfied by the affidavit. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 723 (1964). The test set forth in *Aguilar* requires:

"The magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was 'credible' or his information 'reliable.' "

The affidavit in the instant case bears the date of March 4, 1971, and reads in pertinent part as follows:

"Source [informant] stated that on February 25, 1971, Silas Leonard Morgan [appellant] had taken source to the

above described mobile home where source saw a large quantity of marihuana. Source also stated that on March 4, 1971, source observed a large quantity of marihuana and other drugs at the above described mobile home."

This is more than a mere suspicion or conclusion on the part of the informer. The informer advised the affiant that he, the informer, had observed marihuana in appellant's mobile home the same day the affidavit was executed. We conclude that the magistrate was sufficiently informed of underlying circumstances from which the informer concluded that the marihuana was where he claimed it was. Smith v. State, Tex.Cr.App., 496 S.W.2d 90; Hegdal v. State, Tex.Cr.App., 488 S.W.2d 782; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

Looking at the second requirement of *Aguilar*, the affidavit in the instant case recites:

"Officers received information from a reliable source, whom affiant has received information from on four prior occasions and on each occasion the information has proven to be reliable."

In Heredia v. State, Tex.Cr.App., 468 S.W.2d 833 (rev'd on other grounds), a recitation that information came "from a reliable and credible informer who has furnished—truthful and reliable information in the past" was held sufficient to satisfy the second requirement of *Aguilar*. An almost identical recitation was held sufficient in Hegdal v. State, supra, where it was stated, "It is not necessary, as appellant contends, that the affidavit recite that the informer had given information in the past resulting in drug arrests or narcotic seizures." See Gonzales v. Beto, 425 F.2d 963 (5th Cir. 1970). We find that the affidavit detailed sufficient information from which the magistrate concluded that the informer was credible or his information reliable. We reject appellant's contention that the affidavit underlying the search warrant was insufficient to reflect probable cause.

■ Appellant contends that the trial court was in error in overruling his motion to suppress on the ground that there was no probable cause to arrest appellant, and that the evidence found as a result of the arrest is inadmissible.

The record reflects that agents Murray and Lyle of the Department of Public Safety had the mobile home occupied by appellant in Montgomery County under surveillance during the early evening hours of March 5, 1971. Upon seeing appellant and others leave the mobile home, a radio message was dispatched to highway patrolmen to stop appellant's auto as well as the vehicles occupied by other persons who departed the premises with appellant. Appellant's vehicle was stopped, and appellant was given tickets for not having a valid operator's license and for not having a valid Texas registration. After the vehicle was stopped, narcotic agents arrived with a warrant to search appellant's mobile home. The search warrant contained an unconditional command to arrest appellant separate and distinct from the command to seize the contraband. See Arts. 18.10 and 18.11, Vernon's Ann.C.C.P. (effective at the time of this trial); Pecina v. State, Tex.Cr.App., 516 S.W.2d 401 (1974); Garza v. State, Tex.Cr.App., 456 S.W.2d 374; Giacona v. State, 169 Tex.Cr.R. 101, 335 S.W.2d 837; Dawson v. State, Tex.Cr.App., 477 S.W.2d 277; Jones v. State, Tex.Cr.App., 496 S.W.2d 566. If it be urged that the search of appellant and his vehicle at the scene of the arrest came prior to the arrival of the officers with the warrant and was not pursuant to such warrant, it is observed that no incriminating evidence was obtained as the result of this search.

■ Appellant contends the court erred in permitting testimony of an oral confession "because there is no evidence that the appellant had been properly warned of his constitutional rights."

After returning to the mobile home, Officer Leonard testified that appellant said, "Man, you've got me. I'll show you where it is." Appellant took Officers Leonard and Kelly to "a hole in the ground in back of the trailer [mobile home], approximately a hundred and seventy-five to two hundred feet from the trailer." In the hole officers found 94 packages, containing what was determined to be marihuana, weighing 95.6 pounds. Leonard stated that the whereabouts of this marihuana was unknown prior to appellant taking them to the location in question. Leonard testified that prior to the statement in question he had given appellant a warning of his rights by reading same from a card he carried. Leonard read the warning from "such a card," and we find same to be in compliance with the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694. See Noble v. State, Tex.Cr. App., 478 S.W.2d 83. Appellant points to testimony of an officer who stated he did not hear appellant's rights read to him, and the testimony of appellant that he did not remember having his rights given him. Officer Kelly testified that he heard Leonard read appellant's rights to him. We conclude that the evidence supports the trial court's findings relative to appellant having been properly warned before he made the oral statement in question.

█ It appears that appellant is urging that the oral statement in question came as the result of an illegal arrest, and that such oral confession was not voluntary. Assuming, arguendo, that the arrest was illegal, this Court has held on numerous occasions that a confession otherwise shown to have been voluntary is not rendered inadmissible by the fact that the accused was under arrest or in custody at that time, even though the arrest may have been under invalid process or without any process or legal right. Lacefield v. State, Tex.Cr. App., 412 S.W.2d 906; DeLeon v. State, Tex.Cr.App., 466 S.W.2d 573; Randolph v. State, Tex.Cr.App., 493 S.W.2d 869; Chase v. State, Tex.Cr.App., 508 S.W.2d 605.

Appellant testified that he was beaten by the officers. Officers denied that appellant had been physically abused or beaten. Justice of the Peace McMillan, before whom appellant was taken after the search, testified that appellant did not appear to be injured, and that appellant made no complaints about injuries. At the conclusion of the search, appellant was taken to Conroe and at his request was carried to a doctor. Doctor Jimmy Russell stated that he examined appellant on the night in question, and testified, "the most striking thing to me was he had an increased pulse rate. He was complaining of chest pain, which, of course, was not a physical finding, and there was, I believe, bruise over the right side of his chest."

Dr. Russell further testified that appellant had "severe heart disease," and that he could not tell how the bruise on appellant's chest was inflicted.

We conclude that the court had sufficient evidence to support its finding that the confession was voluntarily made. Further, we find no causal connection between the failure to take appellant before a magistrate (prior to the confession) and the oral confession, and reject appellant's argument in this respect. See Schultz v. State, Tex.Cr.App., 510 S.W.2d 940.

█ Appellant contends the court erred in failing to make findings regarding admission of the oral confession, as required by Art. 38.22, Vernon's Ann.C.C.P.

The record reflects that subsequent to appellant filing his brief in the trial court, and prior to transmittal of the record to this Court, the trial judge filed his written findings wherein he found the challenged confession was voluntarily made. This was held to be sufficient in Foreman v. State, Tex.Cr.App., 505 S.W.2d 564. No error is shown.

█ Lastly, appellant contends that the court erred in not granting his motion for instructed verdict in that the evidence was insufficient to support the conviction.

A search of the mobile home resulted in the seizure of a plastic vial in the bathroom containing marihuana, and a small bag of marihuana in the living room couch. Appellant, testifying in his own behalf, stated that "I bought it [mobile home] on a rental purchase." Appellant was seen leaving the mobile home a short time before the search which resulted in the seizure in question. Before appellant led officers to the large quantity of marihuana buried in the ground, he stated, "Man, you've got me. I'll show you where it is."

We conclude that the evidence affirmatively links the accused to the contraband, and find that the evidence is sufficient to support the conviction. See Haynes v. State, Tex.Cr.App., 475 S.W.2d 739; DeLeon v. State, Tex.Cr.App., 500 S.W.2d 862; Collins v. State, Tex.Cr.App., 502 S.W.2d 743.

The judgment is affirmed.

Opinion approved by the Court.