**Michael GONZALEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–88–00179–CR, 01–88–00180–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 23, 1989.

Darryl Campbell, Houston, for Michael Gonzalez.

John B. Holmes, Harris County Dist. Atty., John F. Carroll, Mark Frazier, Houston, for State.

Before SAM BASS, COHEN and MIRABAL, JJ.

OPINION

MIRABAL, Justice.

Appellant has brought two appeals, one from a revocation of probation, and the other from a conviction for possession of a controlled substance. Because both appeals raise one identical point of error, they are treated here as one appeal.

Appellant complains that the trial court erred in overruling his motion to suppress evidence seized pursuant to a warrant that he claims had expired. We overrule this point of error in both appeals.

In 1986, appellant was indicted for the offense of possession of a controlled substance, namely, cocaine weighing less than 28 grams. He entered a plea of guilty, and the trial court assessed punishment at five years probation and a $1,000 fine. In October 1987, appellant was indicted for a second offense of possession of a controlled substance, namely, cocaine weighing less than 28 grams. Appellant entered a plea of nolo contendere to that offense, reserving the right to appeal the court's ruling on the motion to suppress, and the trial court assessed punishment at confinement for three years. Additionally, the trial court revoked appellant's probation in connection with the first offense and assessed punishment at confinement for a three-year peri-

od to be served concurrently with the other three-year sentence.

In each case, appellant filed identical motions to suppress evidence, arguing that the only relevant physical evidence, the cocaine, was seized pursuant to an expired search warrant, and therefore the search and subsequent arrest of appellant was illegal. The motions were overruled.

The search warrant was issued on October 1, 1987 at "17:20" hours (5:20 p.m.) and was executed on October 5, 1987 at "21:30" hours (9:30 p.m.). Appellant argues that the search warrant was executed at a point in time that was four hours and 10 minutes longer than is authorized by statute, and therefore, pursuant to Tex.Code Crim.P. Ann. art. 38.23 (Vernon 1974), his motion to suppress the evidence seized thereunder should have been granted.

■ The controlling statutes are Tex. Code Crim.P.Ann. arts. 18.06 and 18.07 (Vernon 1977), which read in pertinent part as follows:

Art. 18.06. Execution of Warrants

(a) A peace officer to whom a search warrant is delivered shall execute it without delay and forthwith return it to the proper magistrate. It must be executed within three days from the time of its issuance, and shall be executed within a shorter period if so directed in the warrant by the magistrate.

\*　　\*　　\*　　\*　　\*　　\*

Art. 18.07. Days Allowed for Warrant to Run.

The time allowed for the execution of a search warrant shall be three whole days, exclusive of the day of its issuance and of the day of its execution. The magistrate issuing a search warrant under the provisions of this chapter shall endorse on such search warrant the date and hour of the issuance of the same.

When a search warrant is not executed within the time period provided for by articles 18.06 and 18.07, it becomes "functus officio," and any search whose legality de-

pends on the warrant is unauthorized. *Swanson v. State,* 113 Tex.Crim. 104, 18 S.W.2d 1082 (1929).

Article 18.06 states that a search warrant must be executed within three days from the time of its issuance; the three days mentioned in article 18.06 are to be calculated as set out in article 18.07, "exclusive of the day of its issuance and of the day of its execution." *Fletcher v. State,* 171 Tex.Crim. 74, 344 S.W.2d 683, 685 (1961).

The 1965 code revision of art. 18.07 [1] (formerly art. 18.15 (1965) and art. 318 (1925)) added the requirements that the "magistrate issuing a search warrant ... shall endorse on such warrant the date and hour of the issuance of the same." The apparent intent of the legislature in adding the requirements of endorsing the date and hour of issuance was to make certain the warrant was executed within three whole days, exclusive of the day of its issuance and the day of its execution, as required in the first sentence of article 18.07. *Lyons v. State,* 503 S.W.2d 254, 256 (Tex.Crim. App.1973); *Smith v. State,* 478 S.W.2d 518, 521 (Tex.Crim.App.1972).

■ Appellant argues that the period within which a search warrant must be executed is computed from the *time* it is issued; that it must be executed "within the 24 hours ending one day after the three days in which the warrant was good." We disagree.

From 1925 to 1965, article 18.07 and its predecessor statutes simply consisted of one sentence—the first sentence in the present statute—providing that the "three whole days" within which a search warrant was to be executed was to be calculated "exclusive of the day of its issuance and of the day of its execution." Since before 1925, through the present day, it has always been necessary for the magistrate to *date* and sign an effective search warrant. Tex.Code Crim.P.Ann. art. 18.04 (Vernon 1977) (*amending* Tex.Code Crim.P., ch. 722

---

**1.** Ch. 722, sec. 1, 1965 Tex.Gen.Laws 317, *amended by* Tex.Code Crim.P.Ann., ch. 399, sec.

2(E), 1973 Tex.Gen.Laws 982.

sec. 1, 1965 Tex.Gen.Laws 317) (*amending* Tex.Code Crim.P. arts. 18.12, 18.13 (1965) and Tex.Code Crim.P. arts. 315, 316 (1925)); *Glenniwinkel v. State,* 114 Tex.Crim. 188, 21 S.W.2d 514, 515 (1929). However, until 1965, there was no requirement that the magistrate endorse on the warrant the *hour* of its issuance.

Before the 1965 amendment, the Court of Criminal Appeals held that a search warrant was not "functus officio" because more than three days had elapsed between its issuance and execution, since the three days for execution are calculated "exclusive of the day of its issuance and of the day of its execution." *Fletcher v. State,* 344 S.W.2d at 685. We do not believe the intent of the statute at that time was to calculate "days" as 24–hour periods starting from the time of issuance, since the warrant would not have the hour of issuance endorsed thereon; therefore, prior to the 1965 amendment, it is our opinion that a search warrant had to be executed by midnight of the fourth day after the day of its issuance.

We find no indication that the legislature intended to change the law when it passed the 1965 amendment; rather, it appears the amendment was passed simply to provide more certainty as to when a search warrant is actually issued—by having the date *and* hour of issuance written on its face. We note that even today there is no requirement that the hour of execution of a search warrant be included in the officer's return.

Accordingly, we find that the search warrant in the present case could have been executed at any time after its issuance until midnight on October 5, 1987; because it was executed at 9:30 p.m. on October 5, the search and seizure thereunder were authorized. The trial court did not err in overruling appellant's motion to suppress.

We affirm the trial court's judgment.

COHEN, Justice.

Bad statutes make bad law, and articles 18.06 and 18.07 are badly ambiguous. The majority holds that the "three whole days" of article 18.06 may really mean as much as five 24–hour periods, once the days of issuance and of execution are excluded. Thus, a search warrant issued at 12:01 a.m. on Oct. 1, 1987 would be good until midnight of October 5. Although none of the cited cases supports the majority's interpretation, none negates it or supports any other interpretation, and I concede that this interpretation is possible under the statutes.

While it is easy to argue that three days should not mean 120 hours, it is harder to determine what these two statutes should mean. I would hold that: 1) "three whole days" means three 24–hour periods; 2) "exclusive of the day of issuance" means that the hours on the day of issuance before the time of issuance should not be counted (thus, police do not lose 23 hours by obtaining a warrant at 11:00 p.m.); and 3) "exclusive ... of the day of execution" means that the warrant is good until midnight on the calendar date 72 hours from the "time of its issuance." I would therefore hold that this warrant, issued at 5:20 p.m. on October 1, 1987, expired at midnight on October 4, 1987, 21½ hours before it was executed. This interpretation would require execution of the warrant closer to "three days *from the time* of its issuance," as required by article 18.06, and arguably implement all parts of both statutes, while ignoring none.

These machinations can and should be avoided. A statute simply stating, "A search warrant expires 72 (or 96 or 120) hours from the time it is issued," would do the job nicely. I respectfully recommend that the legislature enact such a statute.