**In re Kenneth J. WALKUP and Phillip D. Newton, Relators.**

No. 01–03–00131–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 7, 2003.

Robert A. Axelrad, Zimmerman, Axelrad, Meyer, Stern & Wise, P.C., Houston, for Relator.

John L. Dagley, Campbell, Harrison & Dagley, L.L.P., Houston, for Real Party In Interest.

Panel consists of Justices HEDGES, NUCHIA, and KEYES.

**OPINION**

EVELYN KEYES, Justice.

In this mandamus proceeding, we must decide how to calculate the fourteen-day maximum length for a temporary restraining order (TRO). Specifically, we must decide whether a TRO granted on January 30, 2003 at 2:30 p.m. expired on February 13 at 2:30 p.m., fourteen 24–hour periods

after it was granted, or whether it expired on February 13 at midnight, fourteen calendar days after it was granted. We hold that the TRO expired on February 13 at midnight.

### Facts

The real parties in interest, EPA Solutions, L.L.C. and Ronald D. Tilbury, sued relators Kenneth J. Walkup and Phillip D. Newton in district court over the intellectual property rights to an emission-reduction system for natural gas. Concerned that Walkup and Newton had plans to test the system in Las Vegas on February 14–16, 2003, EPA and Tilbury requested a TRO without notice to Walkup and Newton. The district court signed the TRO on January 30, 2003. *See generally* Tex.R. Civ. P. 680 (governing TROs). The court endorsed the hour of issuance on the TRO as 2:30 p.m., as required by Rule 680.

The TRO set the hearing on the temporary injunction for February 7, 2003. All parties appeared for the temporary-injunction hearing, but the district court never reached the case. Walkup and Newton did not attempt to reset the temporary-injunction hearing, which they had no obligation to do. Instead, they proceeded with their plans to test the emission-reduction system in Las Vegas on February 14–16. On February 13, EPA and Tilbury requested an extension of the TRO, which the district court granted at 4:12 p.m.[1]

Walkup and Newton filed their petition for a writ of mandamus and an emergency motion for temporary relief at 4:58 p.m. on Friday, February 14.[2] In their emergency motion for temporary relief, Walkup and Newton asked this Court to stay the district court's TRO so that they could proceed with their plans to test the emission-reduction system in Las Vegas on February 14–16. This Court denied the emergency motion for temporary relief at 6:00 p.m. on February 14, rendering the proceeding moot. This Court, however, left the petition pending in order to write an opinion explaining the reason for denying temporary relief.

### Discussion

Walkup and Newton contend that if the trial court abused its discretion by granting the February 13 extension of the TRO, they are entitled to mandamus relief because they will suffer irreparable harm and have no remedy by appeal. The supreme court has held that mandamus relief is available in these situations. *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 207 (Tex.2002).

In two pages of argument in their petition, Walkup and Newton contend "there can be no question" that the TRO expired on February 13 at 2:30 p.m., 102 minutes before the district court granted the extension. We disagree.

Texas Rule of Civil Procedure 680 provides in part,

> Each temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; ... and shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period....

---

1. The Honorable Ken Wise, judge of the 152nd District Court of Harris County, Texas. The underlying lawsuit is *EPA Solutions, L.L.C. v. Walkup*, No.2003–04858 (152nd Dist. Ct., Harris County, Tex.).

2. The normal business hours of the Clerk of the Court are 8:00 a.m. to 5:00 p.m. *See* Tex. Gov't Code Ann. § 658.005 (Vernon Supp. 2003).

The TRO states, "This order is effective until further order of this Court, but no later than fourteen days from the date set forth below." The signature line on the TRO states, "Signed on *January 30,* 2003 at *2:30* a̶.m̶. p.m."

Walkup and Newton do not appear to argue that the specific terms of the TRO set the expiration time at 2:30 p.m. on February 13, 2003. Even if they did, we would not agree. The TRO set the expiration as no later than fourteen days "from the *date* set forth below," not "from the date *and time* set forth below." (Emphasis added).

■ The Code Construction Act applies to the Texas Rules of Civil Procedure, as those rules were adopted under Government Code section 22.004. *See* TEX. GOV'T CODE ANN. § 22.004 (Vernon Supp.2003) (granting rulemaking power to supreme court); TEX. GOV'T CODE ANN. § 311.002(4) (Vernon 1998) (applying Code Construction Act "to each rule adopted under a code"). When the Act or other law does not give a specific definition to a word, the Act states that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). We therefore look to the ordinary meaning of the word "date," which *Black's Law Dictionary* defines as "[t]he day when an event happened or will happen," and we conclude that the term "date" does not generally include a specific time of day. BLACK'S LAW DICTIONARY 400 (7th ed.1999).

■ We must also construe the meaning of the word "day." Unless the purpose of a particular statute or rule dictates otherwise, the ordinary meaning of "day" is a calendar day, which means the 24–hour period of time beginning immediately after midnight of the previous day and ending at the next midnight. *See Long v. City of Wichita Falls,* 142 Tex. 202, 176 S.W.2d 936, 938–39 (1944); BLACK'S LAW DICTIONARY 402.

Instead of focusing on the specific terms of the TRO, Walkup and Newton appear to argue that Rule 680's fourteen-day limit incorporates the "hour of issuance" the court is required to endorse on the TRO. If this were true, the fourteen-day limitation on the TRO would consist of fourteen 24–hour periods that begin running from the time the TRO is signed.

In analyzing Rule 680, we first note that it is based on Federal Rule of Civil Procedure 65(b).[3] Walkup and Newton have not cited us to, nor has our own research revealed, any Texas or federal cases that interpret either the Texas or federal rule to make the "hour of issuance" the starting point for the running of the maximum length of the TRO. The question, then, is what purpose is served by requiring the trial court to endorse the "hour of issuance" on the TRO if that purpose is not to establish the starting point of the TRO's maximum length.

The obvious purpose of requiring the trial court to endorse the "hour of issuance" on the TRO is to establish precisely when the trial court signed the TRO. TROs are granted ex parte, and there is no requirement in Rule 680 that a court reporter be present. The adverse party, therefore, would have no means to determine the time of day when the trial court

---

3. Federal Rule of Civil Procedure 65(b) provides in part:

Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; ... and shall

expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period....

signed the TRO if there were no requirement that the trial court endorse the hour on the TRO itself. The endorsement requirement establishes when the TRO became effective, thus simplifying any litigation over an alleged violation of the TRO. For example, if the trial court signed a TRO at 10:00 a.m. to prevent the demolition of a building, but the building was demolished an hour earlier at 9:00 a.m., then clearly the TRO was not violated.

Walkup's and Newton's interpretation of "fourteen days" as fourteen 24–hour periods from the signing of the TRO would force the trial court to grant any extension before the expiration of the fourteenth 24–hour period. Tex R. Civ. P. 680 ("unless within the time so fixed [which cannot exceed fourteen days] the order, for good cause shown, is extended."). We decline to adopt an interpretation that would require the trial court to schedule its daily docket around such deadlines.

Our Court has reached a similar conclusion in determining how long a search warrant is valid. *See Gonzalez v. State*, 768 S.W.2d 436, 437–38 (Tex.App.-Houston [1st Dist.] 1989, no pet.). In *Gonzalez*, we interpreted Code of Criminal Procedure articles 18.06(a) and 18.07. Tex.Code Crim. Proc. Ann. arts. 18.06(a), 18.07 (Vernon 1977). Article 18.07 requires the magistrate to "endorse on such search warrant the date and hour of the issuance of the same." Article 18.06(a) requires a peace officer to execute the warrant "within three days from the time of its issuance" unless the warrant requires a shortened period. Article 18.07 also states that the "time allowed for the execution of a search warrant shall be three whole days, exclusive of the day of its issuance and of the day of its execution."

The question in *Gonzalez* was whether a search warrant must be executed no later than the 24–hour period that comes after the three whole days from the date and hour of its issuance. *Gonzalez*, 768 S.W.2d at 437. We held the statute did not require such specificity and said the purpose of the requirement that the magistrate endorse the date and hour of the warrant's issuance was to provide more certainty as to when a search warrant was actually issued. *Id.* at 438. We concluded that the warrant was valid until midnight of the fourth day after its issuance. *Id.*

The rationale of *Gonzalez* applies equally to Rule 680. The policy behind the endorsement requirement is to provide certainty as to the time of issuance of the TRO, not to start the running of the TRO's fourteen-day maximum length.

### Conclusion

Rule 680 allowed the district court to extend the TRO because the original TRO had not expired when the extension was granted. This Court correctly denied Walkup's and Newton's emergency motion for temporary relief because the district court did not abuse its discretion in extending the TRO.

We dismiss as moot the petition for writ of mandamus.