Opinion issued August 7, 2003












In The
Court of Appeals
For the
First District of Texas
____________

NO. 01-03-00131-CV
____________

IN RE KENNETH J. WALKUP AND PHILLIP D. NEWTON, Relators




Original Proceeding on Petition for Writ of Mandamus




O P I N I O NIn this mandamus proceeding, we must decide how to calculate the fourteen-day maximum length for a temporary restraining order (TRO). Specifically, we must
decide whether a TRO granted on January 30, 2003 at 2:30 p.m. expired on February
13 at 2:30 p.m., fourteen 24-hour periods after it was granted, or whether it expired
on February 13 at midnight, fourteen calendar days after it was granted. We hold that
the TRO expired on February 13 at midnight.
Facts
          The real parties in interest, EPA Solutions, L.L.C. and Ronald D. Tilbury, sued
relators Kenneth J. Walkup and Phillip D. Newton in district court over the
intellectual property rights to an emission-reduction system for natural gas. 
Concerned that Walkup and Newton had plans to test the system in Las Vegas on
February 14–16, 2003, EPA and Tilbury requested a TRO without notice to Walkup
and Newton. The district court signed the TRO on January 30, 2003. See generally
Tex. R. Civ. P. 680 (governing TROs). The court endorsed the hour of issuance on
the TRO as 2:30 p.m., as required by Rule 680.
          The TRO set the hearing on the temporary injunction for February 7, 2003. All
parties appeared for the temporary-injunction hearing, but the district court never
reached the case. Walkup and Newton did not attempt to reset the temporary-injunction hearing, which they had no obligation to do. Instead, they proceeded with
their plans to test the emission-reduction system in Las Vegas on February 14–16. 
On February 13, EPA and Tilbury requested an extension of the TRO, which the
district court granted at 4:12 p.m.



          Walkup and Newton filed their petition for a writ of mandamus and an
emergency motion for temporary relief at 4:58 p.m. on Friday, February 14.


 In their
emergency motion for temporary relief, Walkup and Newton asked this Court to stay
the district court’s TRO so that they could proceed with their plans to test the
emission-reduction system in Las Vegas on February 14–16. This Court denied the
emergency motion for temporary relief at 6:00 p.m. on February 14, rendering the
proceeding moot. This Court, however, left the petition pending in order to write an
opinion explaining the reason for denying temporary relief.
Discussion
          Walkup and Newton contend that if the trial court abused its discretion by
granting the February 13 extension of the TRO, they are entitled to mandamus relief
because they will suffer irreparable harm and have no remedy by appeal. The
supreme court has held that mandamus relief is available in these situations. In re
Tex. Natural Res. Conservation Comm’n, 85 S.W.3d 201, 207 (Tex. 2002).
          In two pages of argument in their petition, Walkup and Newton contend “there
can be no question” that the TRO expired on February 13 at 2:30 p.m., 102 minutes
before the district court granted the extension. We disagree.
          Texas Rule of Civil Procedure 680 provides in part, 
Each temporary restraining order granted without notice shall be
endorsed with the date and hour of issuance; . . . and shall expire by its
terms within such time after signing, not to exceed fourteen days, as the
court fixes, unless within the time so fixed the order, for good cause
shown, is extended for a like period . . . .
The TRO states, “This order is effective until further order of this Court, but no later
than fourteen days from the date set forth below.” The signature line on the TRO
states, “Signed on January 30, 2003 at 2:30 a.m. p.m.”
          Walkup and Newton do not appear to argue that the specific terms of the TRO
set the expiration time at 2:30 p.m. on February 13, 2003. Even if they did, we would
not agree. The TRO set the expiration as no later than fourteen days “from the date
set forth below,” not “from the date and time set forth below.” (Emphasis added).
          The Code Construction Act applies to the Texas Rules of Civil Procedure, as
those rules were adopted under Government Code section 22.004. See Tex. Gov’t
Code Ann. § 22.004 (Vernon Supp. 2003) (granting rulemaking power to supreme
court); Tex. Gov’t Code Ann. § 311.002(4) (Vernon 1998) (applying Code
Construction Act “to each rule adopted under a code”). When the Act or other law
does not give a specific definition to a word, the Act states that “[w]ords and phrases
shall be read in context and construed according to the rules of grammar and common
usage.” Tex. Gov’t Code Ann. § 311.011(a) (Vernon 1998). We therefore look to
the ordinary meaning of the word “date,” which Black’s Law Dictionary defines as
“[t]he day when an event happened or will happen,” and we conclude that the term
“date” does not generally include a specific time of day. Black’s Law Dictionary
400 (7th ed. 1999).
          We must also construe the meaning of the word “day.” Unless the purpose of
a particular statute or rule dictates otherwise, the ordinary meaning of “day” is a
calendar day, which means the 24-hour period of time beginning immediately after
midnight of the previous day and ending at the next midnight. See Long v. City of
Wichita Falls, 176 S.W.2d 936, 938–39 (Tex. 1944); Black’s Law Dictionary 402.
          Instead of focusing on the specific terms of the TRO, Walkup and Newton
appear to argue that Rule 680’s fourteen-day limit incorporates the “hour of issuance”
the court is required to endorse on the TRO. If this were true, the fourteen-day
limitation on the TRO would consist of fourteen 24-hour periods that begin running
from the time the TRO is signed.
          In analyzing Rule 680, we first note that it is based on Federal Rule of Civil
Procedure 65(b).


 Walkup and Newton have not cited us to, nor has our own research
revealed, any Texas or federal cases that interpret either the Texas or federal rule to
make the “hour of issuance” the starting point for the running of the maximum length
of the TRO. The question, then, is what purpose is served by requiring the trial court
to endorse the “hour of issuance” on the TRO if that purpose is not to establish the
starting point of the TRO’s maximum length.
          The obvious purpose of requiring the trial court to endorse the “hour of
issuance” on the TRO is to establish precisely when the trial court signed the TRO.
TROs are granted ex parte, and there is no requirement in Rule 680 that a court
reporter be present. The adverse party, therefore, would have no means to determine
the time of day when the trial court signed the TRO if there were no requirement that
the trial court endorse the hour on the TRO itself. The endorsement requirement
establishes when the TRO became effective, thus simplifying any litigation over an
alleged violation of the TRO. For example, if the trial court signed a TRO at 10:00
a.m. to prevent the demolition of a building, but the building was demolished an hour
earlier at 9:00 a.m., then clearly the TRO was not violated.
          Walkup’s and Newton’s interpretation of “fourteen days” as fourteen 24-hour
periods from the signing of the TRO would force the trial court to grant any extension
before the expiration of the fourteenth 24-hour period. Tex R. Civ. P. 680 (“unless
within the time so fixed [which cannot exceed fourteen days] the order, for good
cause shown, is extended.”). We decline to adopt an interpretation that would require
the trial court to schedule its daily docket around such deadlines.
          Our Court has reached a similar conclusion in determining how long a search
warrant is valid. See Gonzalez v. State, 768 S.W.2d 436, 437–38 (Tex.
App.—Houston [1st Dist.] 1989, no pet.). In Gonzalez, we interpreted Code of
Criminal Procedure articles 18.06(a) and 18.07. Tex. Code Crim. Proc. Ann. arts.
18.06(a), 18.07 (Vernon 1977). Article 18.07 requires the magistrate to “endorse on
such search warrant the date and hour of the issuance of the same.” Article 18.06(a)
requires a peace officer to execute the warrant “within three days from the time of its
issuance” unless the warrant requires a shortened period. Article 18.07 also states
that the “time allowed for the execution of a search warrant shall be three whole days,
exclusive of the day of its issuance and of the day of its execution.”
          The question in Gonzalez was whether a search warrant must be executed no
later than the 24-hour period that comes after the three whole days from the date and
hour of its issuance. Gonzalez, 768 S.W.2d at 437. We held the statute did not
require such specificity and said the purpose of the requirement that the magistrate
endorse the date and hour of the warrant’s issuance was to provide more certainty as
to when a search warrant was actually issued. Id. at 438. We concluded that the
warrant was valid until midnight of the fourth day after its issuance. Id.
          The rationale of Gonzalez applies equally to Rule 680. The policy behind the
endorsement requirement is to provide certainty as to the time of issuance of the
TRO, not to start the running of the TRO’s fourteen-day maximum length.Conclusion
          Rule 680 allowed the district court to extend the TRO because the original
TRO had not expired when the extension was granted. This Court correctly denied
Walkup’s and Newton’s emergency motion for temporary relief because the district
court did not abuse its discretion in extending the TRO.
          We dismiss as moot the petition for writ of mandamus.
 
 
Evelyn Keyes
Justice
 
Panel consists of Justices Hedges, Nuchia, and Keyes.