NO. 07-07-0092-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 28, 2007

_____

THE STATE OF TEXAS, APPELLANT

V.

MOSES GALVAN RICO, JR., APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17377-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellee, Moses Galvan Rico, Jr. was indicted for intentionally and knowingly possessing less than one gram of methamphetamine. Rico filed a motion to suppress alleging, among other grounds, that articles 18.06(a) and 18.07 of the Texas Code of

Criminal Procedure[1] were violated because the search warrant was not timely executed. The trial court agreed, and Rico's motion was granted. The State filed this accelerated appeal challenging the trial court's order by one contention, to-wit: the trial court erred in granting Rico's motion to suppress because the search warrant was timely executed. Therefore, the issue before this Court is the proper computation of the time to serve a search warrant. The resolution of that issue is a question of law turning upon the proper interpretation of articles 18.06(a) and 18.07. We affirm.

### Standard of Review

Generally, a trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 1999). However, this appeal presents solely a question of law based on undisputed facts which implicates a de novo review. *See Dyar v. State*, 125 S.W.3d 460, 462 (Tex.Crim.App. 2003). *See also Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

### Timely Execution of Search Warrant

The maximum life span of a search warrant is determined by article 18.06(a) which provides that it "must be executed within three days from the time of its issuance." *Williams v. State,* 965 S.W.2d 506, 507 (Tex.Crim.App. 1998) (holding that a warrant which

[1]All article references herein are to the Texas Code of Criminal Procedure unless otherwise noted.

2

directs it be returned within three days, exclusive of the day of its execution, may be executed at any time on the fourth day after the date of issuance).

The method of computing the period of time for execution of a search warrant is determined by article 18.07, which provides that the time allowed for execution of a search warrant "shall be three *whole* days, exclusive of the day of its issuance and of the day of its execution." (Emphasis added). A search warrant that is not executed within the time period provided by articles 18.06(a) and 18.07 becomes "functus officio." *Green v. State*, 799 S.W.2d 756, 759 (Tex.Crim.App. 1990). Having fulfilled the purpose of its creation, an untimely served search warrant is of no further official force or effect and any search whose legality depends on that warrant is unauthorized. *Swanson v. State,* 113 Tex.Crim. 104, 105, 18 S.W.2d 1082 (1929).

The State contends articles 18.06(a) and 18.07 are irreconcilable because article 18.07 runs contrary to the common law method for computation of time and the method provided by § 311.014(a) of the Code Construction Act[2] which provides, "[i]n computing a period of days, the first day is excluded and the last day is included." Under this theory, the State argues that the more recently amended statute, article 18.07, should control. *See* § 311.025(a). We do not find the statutes to be irreconcilable and dismiss this argument.

_____

[2] *See* Tex. Gov't Code Ann. §§ 311.001-311.034 (Vernon 2005 & Supp. 2007). All section references herein are references to the Texas Government Code unless otherwise noted.

Next, the State contends that the period within which a search warrant must be executed is computed from the *time* it is issued, applying the ordinary meaning of "day" to mean a twenty-four hour period. By excluding the "day" of its issuance and the "day" of its execution, the State contends that a search warrant must be executed within 120 hours of the date and hour of its issuance (two excluded "days" plus "three whole day" twenty-four hour periods). *See* § 312.002(a) (providing that words shall be given their ordinary meaning). The State has not provided, and we do not find, any authority supporting this interpretation of articles 18.06(a) and 18.07. Therefore, we disagree.

To the contrary, in *Gonzalez v. State*, 768 S.W.2d 436 (Tex.App.–Houston [1st Dist.] 1989, no pet.), a search warrant was issued on October 1, 1987, at 5:20 p.m., and executed on October 5, 1987, at 9:30 p.m. *Id.* at 437. The court upheld execution of the warrant and opined that excluding the day of issuance and the day of execution, a search warrant had to be executed by midnight of the fourth day after the day of its issuance. *Id.* at 438. In support of its conclusion, the court noted that although a magistrate is required to endorse on the search warrant the date and hour of its issuance, there is no requirement to include the hour of execution of a search warrant in the officer's return. The *Gonzalez* court concluded that the intent of the 1965 code revision of article 18.07[3] (adding the requirement that a "magistrate issuing a search warrant . . . endorse on such warrant the

---

[3]Act of May 27, 1965, 59th Leg., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 386, *amended by*, Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 2, 1973 Tex. Gen. Laws 883, 984.

4

date and hour of the issuance of the same") was to provide certainty as to the time of issuance of the search warrant, and not to provide a starting place for calculation of the warrant's maximum validity.

While not expressly adopting this bright line rule requiring that a search warrant be executed by midnight of the fourth day after its issuance, the Court of Criminal Appeals in *Green v. State,* 799 S.W.2d 756, 761 (Tex.Crim.App. 1990), did hold that a search warrant issued on March 20, 1987, and executed on March 25, 1987, was stale when executed resulting in an invalid search. *See also Mattei v. State*, 455 S.W.2d 761 (Tex.Crim.App. 1970) (Judge Onion dissenting, holding that a search warrant issued on December 5, 1968, and executed on December 10, 1968, "would have clearly been in violation" of the requirement that a search warrant be executed within three whole days after it was issued, exclusive of the day of issuance and day of execution). *Id.* at 767.

The undisputed facts in this case establish that the warrant in question was issued on August 19, 2005, at 2:10 p.m and it was executed on August 24, 2005, at 9:10 a.m. Agreeing with *Gonzalez*, we conclude the State had until midnight on the fourth day after the search warrant was issued in which to execute it. Therefore, as applied to the facts of this case, the State had until midnight on August 23, 2005, to execute the warrant. Excluding the date of issuance (August 19th), and the last day for legal execution (August 23rd), the State had three whole days (August 20th, 21st, and 22nd) to execute the warrant. Having failed to timely execute the search warrant, the warrant was stale and "functus

5

officio." Therefore, any search pursuant to that warrant was invalid. The State's sole contention is overruled. Consequently, the trial court's order granting Moses Galvan Rico's motion to suppress is affirmed.

Patrick A. Pirtle
Justice

Publish.