JANE R. MARTINEZ V. STATE

No. 27,793. November 9, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 11, 1956

*Peter S. Navarro, Jr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady, Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the possession of heroin, a narcotic drug; the punishment, 5 years in the penitentiary.

Two officers obtained a search warrant authorizing the search of an apartment located at 287 Clayton Homes, in Houston, alleged to be the private residence of "one Victor, Mexican male, and others whose names, identities and descriptions" were unknown.

Appellant alone was at the apartment when the officers arrived and inquired for Victor, stating, in answer to her inquiry, that they had a special delivery message.

Upon entering the apartment, an envelope containing copy of the search warrant was handed to appellant, and the officers began to search the house.

Upon finding two papers containing a brown powder, which thereafter proved to be heroin, the officers asked apppellant "where the rest of the heroin was" and she said it was in a wooden box in the bedroom on a chest of drawers.

The officers proceeded to the bedroom and found the box in which was a plastic bottle containing eighteen capsules and four papers with a white powder. The powder proved to be heroin, a narcotic drug.

The manager of Clayton Homes testified that on the date in question apartment 287 was leased to appellant, and that she paid the rent monthly. There was testimony that one Victor Ramirez also lived there.

The admissibility of the evidence as to what was found in the apartment is the sole ground for reversal, the contention being that the search warrant was invalid and the search of the private residence unlawful.

Evidence was heard by the court, in the absence of the jury, as to the issuance of the search warrant. A part of such evidence consisted of the testimony of the magistrate who issued the warrant.

The only defect which we observe in the affidavit for issuance of the warrant, or the search warrant, is in the jurat which states that the affidavit was sworn to before the magistrate on *December* 13, 1955, whereas it was in fact sworn to on January 13, 1955, the date the information therein stated as showing probable cause was alleged to have been received, and the day the warrant issued.

It was the testimony of the magistrate that the word December was a clerical error on the part of the person who prepared the instrument, and that in fact the affiants appeared before him, signed the affidavit and swore to it on January 13, 1955.

In view of this testimony, which is undisputed, the error is not such as would vitiate the warrant.

We find no merit in the contention that the evidence was inadmissible because the search warrant was intended for "Victor" rather than for appellant.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.