Janet Marie LYONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 47221.

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Joe B. Goodwin, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The conviction is for unlawful possession of a narcotic drug, to wit: heroin; the punishment, 5 years.

On July 11, 1971, Port Arthur police officers executed a search warrant at a house occupied by appellant and Ivory Lyons, Jr. As a result of the search sixteen papers of heroin were found. The sufficiency of the evidence is not challenged.

By her first two grounds of error appellant contends that the trial court erred in admitting into evidence the fruits of the search because the search warrant was dated *March 11, 1971,* whereas the affidavit for the search warrant was dated *July 11, 1971,* and the search was conducted on *July 11, 1971.*

Lt. J. E. Huebel, of the Port Arthur Police Department, testified that he prepared both the search warrant and the affidavit for the search warrant on July 11, 1971. According to his testimony, the date of March 11, 1971, which appeared on the search warrant was a typographical error on his part. Huebel further testified that after he prepared the search warrant and the affidavit for the search warrant he took them to Justice of the Peace Weldon.

Huebel swore to the affidavit before the magistrate on July 11, 1971, and the magistrate issued the search warrant on the same date.

In view of this testimony, which is undisputed, no error is shown to vitiate the warrant. See Martinez v. State, 162 Tex. Cr.R. 356, 285 S.W.2d 221 (1955).

■ In her fourth ground of error appellant contends that evidence of the search was inadmissible because the original search warrant was never signed. See Article 18.13, Vernon's Ann.C.C.P.

Lt. Huebel testified that he personally typed the affidavit for the search warrant and the search warrant. He then made two Xerox copies of each of the original typewritten instruments and took the original typewritten instruments as well as the Xerox copies to the magistrate. The original typewritten copy was kept by the magistrate. The magistrate signed one of the Xeroxed copies of the affidavit and one of the Xeroxed copies of the warrant. The signed Xeroxed copy of the affidavit and the signed Xeroxed copy of the warrant itself were the instruments used by Lt. Huebel to make the search. The signed Xeroxed copy of the warrant was used by Lt. Huebel to make his return to the magistrate after the search was conducted. The record contains Xeroxed copies of the affidavit and the warrant itself. Both of these instruments bear the signature of the magistrate. We perceive no error.

■ In her fifth ground of error appellant contends that the search warrant was invalid because the date upon which it was issued was not endorsed thereon by the magistrate as required by Article 18.15, V. A.C.C.P.

The evidence reflects that Lt. Huebel typed the date March 11, 1971, on the search warrant. However, the evidence reflects that the magistrate personally signed a Xeroxed copy of the search warrant and personally wrote in the time "12:35 P.M." as the hour of its issuance.

The 1965 Revision of the Texas Code of Criminal Procedure in Article 18.15 added to old Article 318, Vernon's Ann.C.C.P. (1925), the requirements that the "magistrate issuing a search warrant . . . shall endorse on such search warrant the date and hour of the issuance of the same." In Smith v. State, 478 S.W.2d 518 (Tex. Cr.App. 1972), this Court stated that the apparent intent of the legislature in adding these reqiurements was to make certain that the warrant was executed within three whole days, exclusive of the day of its issuance and the day of its execution, as required by Article 18.15, Vernon's Ann.C.C.P.

In the instant case the evidence reflects that the search warrant was issued, executed, and returned on July 11, 1971. Absent a showing of injury to the appellant any error in the magistrate's not endorsing the date of its issuance on the warrant is not reversible error. See Smith v. State, supra.

■ In her third ground of error appellant contends that the affidavit for the search warrant did not state sufficient facts to show probable cause. The pertinent part of the affidavit is as follows:

"I have been informed by an informant whom I have known for two years and who has given me credible and reliable information in the past which I have found to be accurate, and a person whom I have found to be trustworthy and reliable, and who has given me information on at least ten occasions which has proved to be accurate, that said informant had been at the above described premesis (sic) on the night of July 10, 1971, and while at the above described premesis (sic) said informant saw the colored male, known as Tucker Lyons, in the kitchen at the above described premesis (sic), with a plastic bottle filled with small wax-paper wrapped packages, which Tucker Lyons indicated to said informant contained 'Skag', which is a slang term for Heroin. This in·

formant also said that said informant has been on several occasions to this house, but only in the kitchen and on this last occasion saw Tucker Lyons produce the plastic bottle containing the 'Skag' from a room off the kitchen. This room appeared to be a bedroom. Informant also said that Tucker Lyons also produced a 'rig' from this same room ('Rig' being a slang term for a syringe that is used to inject a solution into the body) along with a plastic bottle containing the wax-paper wrapped packages of 'Skag'. Entrance to the kitchen of the aforesaid apartment is through a door that opens out on the east side of the house where a driveway is located. "I have received information from persons whose credibility has not been established, that Tucker Lyons and Jeanette, who live at 2211–East–10th Street, deal in heroin and on a number of occasions have traded heroin for stolen merchandise."

Under this ground of error appellant argues that although the informant was on the premises and "Tucker Lyons" was in the kitchen with a plastic bottle filled with small wax-paper wrapped packages which Lyons "indicated" to the informant contained "Skag" which is the slang term for heroin, the informant does not say in what manner Lyons indicated that she possessed heroin or "Skag". He further argues that the informant does not say that she was told the substance was heroin or that she saw the heroin. Appellant argues that the affidavit is hearsay upon hearsay, a conclusion on the informant's part, and not sufficient to constitute probable cause.

In United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), the Supreme Court discussed some of its prior decisions and then stated:

"These decisions reflect the recognition that the Fourth Amendment's commands like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

"This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based. See Aguilar v. State of Texas, (378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).) Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Jones v. U. S., (362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) )."

Viewed in this light, a common sense and realistic reading of the affidavit herein involved reflects adequate probable cause for the magistrate to have issued the

search warrant. Vessels v. State, 467 S. W.2d 259 (Tex.Cr.App.1971).

■ In her final ground of error appellant contends that the trial court refused to hear evidence from the appellant on the issue of punishment as is provided for in Article 37.07, Vernon's Ann.C.C.P.

After the trial court had found appellant guilty, a separate hearing was held on the issue of punishment. At that time appellant's counsel made the following statement:

"Your Honor, I would like to call the defendant for the limited purpose of developing things like her age and that sort of thing that may be pertinent in reference to sentencing in this matter, if the Court will at this time rule that nothing about the transaction in question can be gone into."

The State took the position that there was nothing more important in the area of sentencing in a criminal case than that of the crime itself.

The trial court then expressed the opinion that a defendant could be cross-examined about any phase of the case so long as it had any bearing on the question of what punishment should be assessed. Appellant's counsel then stated that she would like to develop appellant's age, her education, the number of children she had, her physical health, and what kind of doctor's care she was under.

The record does not show by bill of exception or offer of proof what appellant's testimony would have been had she testified, see Article 40.09, Sec. 6(d)(1), Vernon's Ann.C.C.P., in absence of which nothing is presented for review. Johnson v. State, 462 S.W.2d 955, (Tex.Cr.App. 1971); Alexander v. State, 476 S.W.2d 10 (Tex.Cr.App. 1972) and Hicks v. State, 482 S.W.2d 186 (Tex.Cr.App.1972).

There being no reversible error the judgment of the trial court is affirmed.