**Daena April GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–87–00669–CR, 04–87–00670–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 8, 1989.

Julie Pollock, Hitchings, Pollock & Bernard, San Antonio, for appellant.

Fred G. Rodriguez, Chris De Martino, Barbara Hervey, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

---

**1.** The record does not reflect, nor does appellant contend, that the allegation of a prior offense is false.

## OPINION

CADENA, Chief Justice.

Appellant, Daena April Green, was convicted of possession of marihuana and amphetamine. The court assessed punishment at 10 years' incarceration, probated, and fines totalling $500.00.

Appellant argues that the trial court erred in denying her motion to suppress evidence because the affidavit failed to establish probable cause for issuance of the search warrant and the search warrant was stale when the police executed it.

■ Appellant's complaint that the allegation of the unnamed informant's reliability and credibility was insufficient to support a finding of probable cause is without merit. The affidavit recites that the affiant:

[R]eceived information from a person who affiant considered reliable and credible, who is employed and maintains a good reputation in the community, the said reliable and credible person has within the past 24 hours seen the above Candy Koch [a/k/a Daena Green] in possession of a controlled substance; to wit; [sic] cocaine unlawfully possessed ... at above described premises ..., and for security reasons the reliable and credible person [sic] identity cannot be revealed.

In many cases holding that the informant's reliability and credibility was established, the affidavit contains statements that the informant had no criminal record. *See, e.g., Wood v. State,* 573 S.W.2d 207 (Tex.Crim.App.1978) (en banc); *Carvajal v. State,* 529 S.W.2d 517 (Tex.Crim.App.1975). But in view of other indicia of reliability and credibility, the absence of such statement does not preclude a finding of reliability and credibility. *Illinois v. Gates,* 462 U.S. 213, 233, 103 S.Ct. 2317, 2329, 76 L.Ed. 2d 527 (1983). The affidavit adequately establishes the unnamed informant's reliability and credibility. His reliability and credibility, when joined with the remaining statements in the affidavit, establish probable cause for issuance of the search warrant. *See id.*

■ The search warrant reveals that it was signed and issued by the magistrate on March 20, 1987. The return recites that the warrant was executed on March 25, 1987.

If a search warrant is not executed within three days from the time of its issuance, it is invalid. TEX.CODE CRIM.PROC. ANN. art. 18.06(a) (Vernon 1977); *see Swanson v. State,* 113 Tex.Cr.R. 104, 18 S.W.2d 1082 (1929).

The State asserts that the warrant could not have been signed and issued on March 20, 1987, because (1) according to the complaint, the affiant did not receive the informant's report until March 25, 1987; (2) the complaint for the search warrant was filed on March 25, 1987; (3) the warrant did not "come to hand" until March 25, 1987; and (4) the warrant was executed on March 25, 1987. The State concludes that the March 20 dates are clerical errors which do not affect the validity of the search warrant.

The State argues that courts must interpret affidavits and warrants in a common sense and realistic fashion. *Faulkner v. State,* 537 S.W.2d 742 (Tex.Crim.App.1976) (holding that court must use common sense in interpreting warrant containing grammatical error). We agree. However, there is no reason, other than a, perhaps, laudable desire to affirm, to conclude under the guise of "common sense" that the March 20 date, rather than the March 25 date, is a mistake. To do so would be to change the issuance date solely to make the seizure valid under the warrant. *See Swanson v. State, supra.*

The record reveals no evidence which indicates the March 20 issuance date is in error. We conclude that the warrant was stale when executed and the seizure was invalid.

The judgment is reversed and the cause is remanded to the trial court.

CHAPA, Justice concurring.

I concur.

The reliance by the State on *Reese v. State,* 712 S.W.2d 131, 132 (Tex.Crim.App.

1986) and *Lyons v. State*, 503 S.W.2d 254 (Tex.Crim.App.1973) is misplaced.

*Reese, supra,* involves the question of whether the affidavit was properly sworn to and properly incorporated by reference in the warrant.

*Lyons, supra,* relying on *Martinez v. State*, 162 Tex.Cr.R. 356, 285 S.W.2d 221 (1955), involves a warrant with a typographical error in the date which the court found did not invalidate the warrant. However, the officer that prepared the document presented undisputed testimony that the date was a typographical error.

*Martinez, supra,* also involved undisputed testimony of a magistrate of a clerical error in the warrant.

However, the record here reveals that the State merely presented the warrant and complaint and promptly rested and closed. The warrant showed it was issued by the magistrate on March 20, 1987, the complaint was dated March 25, 1987, and the warrant was executed also on March 25, 1987. Since the State presented no evidence that the date of March 20, 1987 on the warrant was a typographical error, it must be concluded that the warrant was stale when executed.

The judgment should be reversed and the cause remanded.