Opinion issued October 28, 2004










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00476-CR




COIWIN REVETT SAMPSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 919159




MEMORANDUM OPINION
          Appellant, Coiwin Revett Sampson, waived his right to trial by jury and
pleaded guilty to the felony offense of possession with intent to deliver a controlled
substance. The trial court found appellant guilty and sentenced him to 10 years in
prison. The trial court suspended the sentence, placed appellant on community
supervision for 10 years, and assessed a $1,000 fine. In one point of error, appellant
complains that the trial court erred in denying his motion to suppress evidence seized
pursuant to an allegedly stale search warrant. We affirm.
BACKGROUND
          On March 19, 2002, Officer J. Williamson (“the officer”) of the LaPorte Police
Department received information from a confidential informant that the informant had
seen a quantity of cocaine in appellant’s residence. On March 19, 2002, the officer
appeared before Magistrate Howard R. Dixon (“the magistrate”). The officer signed
a supporting affidavit for a search warrant, stating that he had “received [the]
information from said confidential informant on March 19, 2002 . . . .” The
magistrate executed the jurat attesting to the officer’s signature on the affidavit and
issued the search warrant. Although it was March 19, 2002, the magistrate filled in
the date blanks on both instruments with the number “13” as the date on which he
signed. The search warrant was executed the next day, March 20, 2002. The
incorrect dating of the instruments was not noticed until after the search warrant had
been executed and the evidence had been seized.
          In his motion to suppress, appellant asserted that the search warrant was stale
on the day of its execution. The State presented an affidavit from the officer in which
he explained that the magistrate had executed the instruments on March 19, 2002 and
that the March 13, 2002 dates were clerical errors made by the magistrate. Appellant
presented his own affidavit, which merely recited the fact that the instruments had the
March 13, 2002 date and that the warrant had been executed on March 20, 2002. 
Appellant’s motion to suppress was denied. 
DISCUSSION
          A search warrant must be executed within three days of its issuance unless the
period is shortened by the magistrate. Tex. Crim. Proc. Code Ann. art. 18.06(a)
(Vernon 1977). The time allowed for the execution of a search warrant shall be three
whole days, exclusive of the day of its issuance and the day of its execution. Tex.
Crim. Proc. Code Ann. art. 18.07 (Vernon 1977). When a search warrant is not
executed within the time period allowed, it becomes “functus officio,” having no
further official force or effect. Green v. State, 799 S.W.2d 756, 759 (Tex. Crim. App.
1990). If the legality of a search depends on a warrant that has become functus
officio, that search is unauthorized. Id. 
          When the validity of a search warrant is questioned, “[t]he warrant and
supporting affidavit must be read together and a determination of validity is made
according to the totality of the circumstances, the yardstick of measurement with the
question of probable cause.” Id. at 760. Purely technical discrepancies in dates or
times do not automatically vitiate the validity of the search. Id. at 759. Due to the
nature of such technical errors, a trial court is allowed to hear explanatory testimony,
which may cure the defect. Id. at 760. 
          Appellant argues that, due to the magistrate’s writing an incorrect date “not
once – but twice[,]” it would be “sheer folly to suggest” that the magistrate’s error
was not substantive error. Appellant’s argument is without merit. 
          Case law is replete with instances in which the same types of facial
discrepancies as those found in this case have been cured through explanatory
testimony. See, e.g., Lyons v. State, 503 S.W.2d 254, 256 (Tex. Crim. App. 1973)
(affirming trial court’s judgment that facial discrepancy due to incorrectly dated
search warrant was cured by explanatory testimony of police officer requesting
warrant); Martinez v. State, 285 S.W.2d 221, 222 (Tex. Crim. App. 1955) (holding
that incorrectly dated jurat to supporting affidavit would not “vitiate the warrant”
based on explanatory testimony heard by trial court). Because there was a
discrepancy on the face of the instruments, which were due to asserted technical
errors, the trial court properly considered evidence outside the instruments themselves
to explain the discrepancy. 
          Appellant argues in the alternative that the officer’s affidavit, which was
presented by the State at the hearing on appellant’s motion to suppress, was
insufficient for the trial court to determine that the magistrate executed the
instruments on March 19, 2002. Appellant argues that the officer was necessarily a
biased witness and that only the magistrate could credibly testify as to the date he
signed the instruments. Generally, a trial court’s ruling on a motion to suppress lies
within the sound discretion of that court. Villarreal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996). A deferential review is proper even when the trial court
makes its determination based solely upon affidavits. Manzi v. State, 88 S.W.3d 240,
242–44 (Tex. Crim. App. 2002) (extending the holding of Kober v. State, 988 S.W.2d
230, 233 (Tex. Crim. App. 1999)). In this case, the affidavit of the officer is
uncontroverted and clearly supports the trial court’s finding of inadvertent technical
error on the part of the magistrate.
          Appellant’s contention that the testimony of the officer was insufficient
because only the magistrate could explain his error in dating the instruments is also
without merit. See, e.g., Turner v. State, 886 S.W.2d 859 (Tex. App.—Beaumont
1994) (affirming judgment of trial court that testimony of police officer requesting
warrant was sufficient to explain that magistrate’s filling in date blank on supporting
affidavit with incorrect date was technical error). 
          We find that the trial court did not err in denying appellant’s motion to
suppress. We overrule appellant’s sole point of error.
 

                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).