

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00183-CR

MICHAEL CURTIS SCHORNICK                                    APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Michael Curtis Schornick appeals his conviction for felony driving while intoxicated (DWI). In a single point, Schornick argues that the trial court erred by denying his motion to suppress the results of a blood test. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL & PROCEDURAL BACKGROUND

At 2:04 a.m. on January 31, 2009, Schornick was arrested for DWI. That same day, the arresting officer, Texas Department of Public Safety Trooper Juan Flores, filled out an affidavit for a search warrant for Schornick's blood, had it notarized, and faxed it to the magistrate. The magistrate issued the warrant that day, and the phlebotomist drew Schornick's blood that day. In the supporting affidavit, Trooper Flores described the events substantiating probable cause, but he wrote that the stop occurred on January 31, 2008, rather than January 31, 2009.

This discrepancy between the year Trooper Flores wrote in the affidavit and the year the magistrate was presented with that affidavit became the subject of a hearing on Schornick's motion to suppress. At the hearing, the State called Trooper Flores to testify about the discrepancy. Trooper Flores testified that he arrested Schornick in the early morning hours of January 31, 2009 and that he simply made a clerical error in writing "2008" as the year. Trooper Flores testified that, on the morning that he faxed the affidavit for the search warrant to the magistrate, he first called the magistrate and informed him that a suspect had refused to give a blood sample and that he was faxing over a "search warrant packet."

The trial court denied the motion to suppress and made the following findings of fact and conclusions of law:

## FINDINGS OF FACT

The court finds as a matter of fact that all of the events described in the search warrant affidavit occurred on January 31, 2009, and that the error in the date on the affidavit was a clerical error made by Trooper Flores in completing his paperwork.

## CONCLUSIONS OF LAW

In light of the totality of the circumstances, including the dates on the fax time stamps on both the affidavit and warrant, the date listed by the notary on the affidavit as the date sworn, the date on the warrant itself, the nature of the Parker County felony DWI search warrant program in which Judge Akers was a participant, and the explanatory testimony of Trooper Flores revealing that the discrepancy here was a clerical or typographical error, the Court concludes as a matter of law that the incorrect dates placed on the affidavit by Trooper Flores were sufficiently explained to be mere clerical or typographical errors and that the totality of the circumstances supports the sufficiency of the probable cause determination of Judge Akers, the issuing magistrate. Therefore the present search warrant was validly issued based on probable cause not withstanding the above-described discrepancy in dates.

Schornick entered a plea of "guilty" pursuant to a plea bargain and a plea of "true" to the enhancement allegations. The trial court sentenced Schornick to thirty years' confinement. Schornick now appeals the denial of his pretrial motion to suppress.

### III. MOTION TO SUPPRESS

In his sole point, Schornick argues the trial court erred by denying his motion to suppress because the information contained within the four corners of the underlying affidavit failed to establish the requisite probable cause necessary for the issuance of a search warrant. Specifically, Schornick argues that the information contained in the supporting affidavit was "stale" because the date on the affidavit was January 31, 2008, rather than January 31, 2009.

### A. Standard of Review and Applicable Law

The police may obtain a defendant's blood for a DWI investigation through a search warrant. *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 18.01(j) (Vernon Supp. 2010); *State v. Johnston*, 305 S.W.3d 746, 750 (Tex. App.—Fort Worth 2009, pet. struck). A search warrant cannot issue unless it is based on probable cause as determined from the four corners of an affidavit. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b) ("A sworn affidavit . . . establishing probable cause shall be filed in every instance in which a search warrant is requested."); *Nichols v. State*, 877 S.W.2d 494, 497 (Tex. App.—Fort Worth 1994, pet. ref'd).

When reviewing a magistrate's decision to issue a warrant, we apply the deferential standard of review articulated by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983). *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007); *Swearingen v. State*, 143

4

S.W.3d 808, 810–11 (Tex. Crim. App. 2004). Under that standard, we uphold the probable cause determination "so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331 (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S. Ct. 725, 736 (1960), *overruled on other grounds by U.S. v. Salvucci*, 448 U.S. 83, 100 S. Ct. 2547 (1980)); *see Swearingen*, 143 S.W.3d at 810.

When reviewing the trial court's ruling on a motion to suppress when the trial court made explicit fact findings, as here, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818.

"[P]urely technical discrepancies in dates or times do not automatically vitiate the validity of search or arrest warrants." *Green v. State*, 799 S.W.2d 756, 759 (Tex. Crim. App. 1990). The two objectives of the law concerning search warrants are to ensure there is adequate probable cause to search, and to prevent a mistaken execution against an innocent third party. *Id.* These objectives are not furthered by rigid application of the rules concerning search warrants. *Id.* To avoid providing protection to those whose appeals are based not on substantive issues of probable cause, but rather, on technical default by

5

the State, we review technical discrepancies under the totality of the circumstances test enunciated by United States Supreme Court in *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331. *Green*, 799 S.W.2d at 758. Due to the nature of these technical defects, parol evidence, in the form of explanatory testimony, may be used to cure the defect. *Id.* at 760.

### B. The Clerical Error Did Not Vitiate Search Warrant's Validity

The affidavit prepared in this case stated that the stop, and the events giving rise to the stop and subsequent arrest, of Schornick occurred on January 31, 2008. Nevertheless, Trooper Flores explained this error at the suppression hearing; he testified that the events leading up to Schornick's arrest occurred on January 31, 2009, rather than one year earlier as stated in the affidavit, and that the discrepancy in the year in the affidavit was a clerical error. He further testified that he had never met or arrested Schornick in January 2008. The affidavit was notarized and faxed to the magistrate on January 31, 2009, and the warrant was signed by the magistrate and faxed back to the officer on January 31, 2009. Every page of the affidavit and subsequent warrant bore a date stamp from the fax machine of January 31, 2009, on the top of each page.

We hold that the trial court properly considered Trooper Flores's testimony explaining why the conflicting date was a clerical error and that the evidence, viewed in the light most favorable to the trial court's fact findings, supports the trial court's finding that the error in the date on the affidavit was a clerical error made by Trooper Flores in completing his paperwork. *See Kelly*, 204 S.W.3d at

6

818–19; *Green*, 799 S.W.2d at 760. Because this clerical error is not the type of mistake that would invalidate the search warrant, we therefore hold that the trial court did not err by denying Schornick's motion to suppress. *See Rougeau v. State*, 738 S.W.2d 651, 663 (Tex. Crim. App. 1987) (upholding warrant because evidence showed affidavit dated January 6, 1977, instead of January 6, 1978, was clearly typographical error), *cert. denied*, 485 U.S. 1020 (1988), *overruled on other grounds by Harris v. State*, 784 S.W.2d 5, 19 (Tex. Crim. App. 1989); *Lyons v. State*, 503 S.W.2d 254, 256 (Tex. Crim. App. 1973) (upholding warrant when evidence was introduced to show that the police officer mistakenly typed "March" instead of "July" on the affidavit); *Martinez v. State*, 285 S.W.2d 221, 222 (Tex. Crim. App. 1955) (upholding warrant when testimony was offered that "December" was mistakenly written on warrant affidavit instead of "January"); *cf. Green*, 799 S.W.2d at 757 (holding warrant was not supported by probable cause because State failed to demonstrate why affidavit dated five days prior to search warrant's execution was clerical error). Accordingly, we overrule Schornick's sole point.

## IV. Conclusion

Having overruled Schornick's sole point, we affirm the trial court's order denying his motion to suppress.

SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 4, 2010