PD-1058-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/14/2015 9:43:41 AM
Accepted 8/17/2015 2:17:19 PM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

## PD-_____-15

## *State of Texas, Appellant*
## *v.*
## *Casey Welborn, Appellee*

**On Discretionary Review from**
**No. 02-14-00464-CR**
**Second Court of Appeals**

**On Appeal from No. CR-2013-07913-D**
**County Criminal Court No. 4**
**Denton County**

## Appellee's Motion to Extend Time to File Petition for Discretionary Review

**Michael Mowla**
**445 E. FM 1382 No. 3-718**
**Cedar Hill, Texas 75104**
**Phone: 972-795-2401**
**Fax: 972-692-6636**
**michael@mowlalaw.com**
**Texas Bar No. 24048680**
**Attorney for Appellee**

**Mark T. Lassiter**
**3500 Maple Ave Suite 400**
**Dallas, TX 75219**
**Phone: 214-845-7007**
**Fax: 214-845-7006**
**mark@lassiterlawoffice.com**
**Texas Bar No. 24055821**
**Attorney for Appellee**

FILED IN
COURT OF CRIMINAL APPEALS

August 17, 2015

ABEL ACOSTA, CLERK

**To the Honorable Judges of the Court of Criminal Appeals:**

Appellee Casey Welborn moves for an extension of time of **30 days** to file a petition for discretionary review:

1.  On July 30, 2015, in *State v. Welborn*, No. 02-14-00464-CR, 2015 Tex. App. LEXIS 8001 (Tex. App. Fort Worth, July 30, 2015), the Court of Appeals reversed and remanded the order of the trial court that granted Appellee's motion to suppress. *See* attached.

2.  The petition for discretionary review is due on **August 29, 2015**.

3.  For good cause, Appellee asks for an extension of 30 days until **September 28, 2015** to file the petition for discretionary review.

4.  No previous extension to file the petition for discretionary review has been filed.

5.  Appellee relies on the following facts as good cause for the requested extension: undersigned counsel Michael Mowla just completed briefs in *Collins v. State*, 08-15-00103 (murder case), in the Eighth Court of Appeals, and in *Jackson v. State*, 05-15-00414-CR, in the Fifth Court of Appeals.

6.  Further, Mowla has the following briefs, petitions for discretionary review, or other pleadings due soon:

    - *Zimmerman v. Harris*, 15-50424, appellant's brief due on August 20, 2015 in the Fifth Circuit

- *Burks v. Price*, 15-40799, appellant's brief due on August 25, 2015 in the Fifth Circuit

- *USA v. Boutte*, writ of habeas corpus under 28 U.S.C. § 2255 due on August 27, 2015 in the Eastern District of Texas

- *Munoz v. State*, 05-15-00158-CR, appellant's brief due on September 12, 2015 in the Fifth Court of Appeals

- *Gresham v. Fischer*, 15-50642, appellant's brief due on September 16, 2015 in the Fifth Circuit

7.      In addition, Mowla continues work on a federal habeas corpus death penalty case, *Jones v. Stephens*, 4:05-CV-638-Y.

8.      And, Mowla is working on a federal death penalty habeas case in *Green v. Director*, 3:15-cv-02197-M-BH.

9.      Further, Mowla also continues work on a state habeas corpus death penalty case, *Ex parte Thomas*, F86-85539, in the 194th Judicial District Court.

10.     Finally, Mowla continues work on several habeas cases involving the underlying issue in *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

11.     Mark Lassiter has a heavy trial and hearings docket between today and through September, 2015.

12.     This Motion is not filed for purposes of delay, but so that justice may be served.

**Prayer**

Appellee prays that this Court grant this motion for an extension of time to

file a petition for discretionary review.

Respectfully submitted,

Mark T. Lassiter
3500 Maple Ave Suite 400
Dallas, TX 75219
Phone: 214-845-7007
Fax: 214-845-7006
mark@lassiterlawoffice.com
Texas Bar No. 24055821
Attorney for Appellee

Michael Mowla
445 E. FM 1382 No. 3-718
Cedar Hill, Texas 75104
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellee

**/s/ Michael Mowla**
By: Michael Mowla

4

## Certificate of Service

I certify that on August 14, 2015, a true and correct copy of this document was served by email on the District Attorney's Office, Denton County, Appellate Division, to Catherine Luft at catherine.luft@dentoncounty.com and Lara Tomlin at lara.tomlin@dentoncounty.com, and on the State Prosecuting Attorney to Lisa McMinn at Lisa.McMinn@spa.texas.gov, and John Messinger at john.messinger@spa.state.tx.us. *See* Tex. Rule App. Proc. 9.5 (2015) and 68.11 (2015).

**/s/ Michael Mowla**
By: Michael Mowla



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00464-CR

THE STATE OF TEXAS                                                                          STATE

V.

CASEY WELBORN                                                                            APPELLEE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
TRIAL COURT NO. CR-2013-07913-D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

The State of Texas appeals the trial court's order granting appellee Casey
Welborn's motion to suppress the results of a blood draw performed pursuant to
a warrant. In one issue, the State argues that the trial court abused its discretion
by suppressing the evidence "because the one instance of the incorrect date in

---

[1]*See* Tex. R. App. P. 47.4.

the affidavit supporting the search warrant for blood was a clerical error that was explained by . . . parol evidence." Because we conclude that the trial court erroneously applied the law, we will reverse and remand.

## II. BACKGROUND

During his 7:00 p.m. to 7:00 a.m. shift that spanned the dates of September 1, 2013, to September 2, 2013, Carrollton Police Officer William Trim wrote an affidavit for a search warrant to draw blood from Welborn. Trim's pursuit of a search warrant stemmed from him having pulled over Welborn's vehicle, allegedly because Trim had witnessed it swerving in and out of a single lane of traffic. By Trim's account, further field-sobriety tests led him to believe that Welborn was driving while intoxicated.

In his "Affidavit for Search Warrant for Blood," there appear two different dates for the stop. In the first paragraph, Trim wrote that Welborn committed the offense of DWI "on or about the 02 day of September, 2013." Later, in paragraph five of the affidavit, Trim wrote that the stop occurred "[o]n, Sunday, September 1, 2013, at approximately 0352 hours." Yet again, at the end of the affidavit, Trim signed that he swore to the facts alleged "on this the 2 day of September, 2013." Trim also had this page notarized.

After presenting the affidavit to a magistrate, the magistrate issued a "Search Warrant for Blood." The warrant incorporated Trim's affidavit, commanded the seizure of Welborn, and authorized a compelled blood draw

2

from her person.  The warrant states that it was "[i]ssued at 5:30 o'clock A.M. on this the 2nd day of September, 2013" and was signed by the magistrate.

Later, Welborn filed a motion to suppress the results of the blood draw.  In her motion and at the suppression hearing, Welborn argued that because Trim's affidavit stated that his stop of her vehicle occurred on "Sunday, September 1, 2013, at approximately 0352 hours," and that because the warrant was signed by the magistrate "at 5:30 o'clock A.M. on this the 2nd day of September, 2013," there was a twenty-six hour period between her detention and the issuance of the warrant.  Thus, Welborn argued, under the court of criminal appeals's decision in *Crider v. State*, the results of the blood draw should be suppressed. 352 S.W.3d 704, 707–08 (Tex. Crim. App. 2011) (holding that, due to alcohol's dissipation from bloodstream, the lack of specific time in search-warrant affidavit, which left possible twenty-five hour period between arrest and issuance of warrant, vitiated probable cause to uphold warrant).

At the suppression hearing, Trim testified that the September 1, 2013 date was a "clerical error" and that he stopped Welborn's vehicle at 3:52 a.m. on September 2, 2013.  The trial court granted Welborn's motion to suppress.  In its findings of fact, the trial court found that Trim's testimony was "credible and truthful" and that the "September 1, 2013" date found in his affidavit was a "clerical error."  In its conclusions of law, however, the trial court stated that it "relied on *Crider*" in making its determination to suppress the results of the blood draw.  The State now appeals.

3

## III. DISCUSSION

In the determinative part of its sole point, the State argues that the trial court erred by granting Welborn's motion to suppress because the "one instance of the incorrect date in the [warrant's] supporting . . . affidavit . . . was a clerical error." And, the State argues, because the clerical error was explained through parol evidence and because the trial court found the parol evidence to be true, the trial court should not have concluded that the results of the blood draw performed on Welborn should be suppressed. We agree with the State.[2]

### A.    Standard of Review and Applicable Law

The police may obtain a defendant's blood for a DWI investigation through a search warrant. *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 18.01(j) (West 2015); *State v. Johnston*, 305 S.W.3d 746, 750–51 (Tex. App.—Fort Worth 2009, pet. struck). A search warrant cannot issue unless it is based on probable cause as determined from the four corners of an affidavit. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b) (West 2015) ("A sworn affidavit . . . establishing probable cause shall be filed in every instance in which a search warrant is requested."); *Nichols v. State*, 877 S.W.2d 494, 497–98 (Tex. App.—Fort Worth 1994, pet. ref'd).

---

[2]Welborn did not submit briefing in this case.

4

When reviewing a magistrate's decision to issue a warrant, we apply the deferential standard of review articulated by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983). *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007); *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004). Under that standard, we uphold the probable cause determination "so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331 (*citing Jones v. United States*, 362 U.S. 257, 271, 80 S. Ct. 725, 736, (1960), *overruled on other grounds by U.S. v. Salvucci*, 448 U.S. 83, 100 S. Ct. 2547, (1980)); *see Swearingen*, 143 S.W.3d at 810.

When reviewing the trial court's ruling on a motion to suppress when the trial court made explicit fact findings, as here, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818.

"[T]he Fourth Amendment strongly prefers searches to be conducted pursuant to search warrants." *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). Therefore, "purely *technical* discrepancies in dates or times do not automatically vitiate the validity of search or arrest warrants." *Green v. State*,

5

799 S.W.2d 756, 759 (Tex. Crim. App. 1990). The two objectives of the law concerning search warrants are to ensure there is adequate probable cause to search and to prevent a mistaken execution against an innocent third party. *Id.* at 757. These objectives are not furthered by rigid application of the rules concerning search warrants. *Id.* at 759. To avoid providing protection to those whose appeals are based not on substantive issues of probable cause, but rather, on technical default by the State, we review technical discrepancies under the totality of the circumstances test enunciated by United States Supreme Court in *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331; *Green*, 799 S.W.2d at 758. Due to the nature of these technical defects, parol evidence, in the form of explanatory testimony, may be used to cure the defect. *Id.* at 760.

## B. The Clerical Error Did Not Vitiate Search Warrant's Validity

In one part of Trim's affidavit, he wrote that that the stop and the events giving rise to the stop and arrest of Welborn occurred on September 1, 2013. Nevertheless, Trim explained at the suppression hearing that the September 1, 2013 date was an error and that the stop actually occurred on September 2, 2013. The trial court found this testimony to be true and specifically found that the September 1, 2013 date was a "clerical error." Viewing the evidence in the light most favorable to the trial court's findings, these findings of fact are supported by the record. *See Kelly*, 204 S.W.3d at 818–19.

The trial court, however, relied on the court of criminal appeals's decision in *Crider* in reaching its legal conclusion that this clerical error vitiated the

6

magistrate's search warrant. In *Crider*, the court held that an affidavit in support of a search warrant that left a possible twenty-five hour gap between the officer's stop of Crider and the magistrate's signing of the search warrant for blood failed to contain "sufficient facts within its four corners to establish probable cause that evidence of intoxication would be found in appellant's blood at the time the search warrant was issued." *Crider*, 352 S.W.3d at 711.

Crider, however, is distinguishable from the facts of the present case because here "there exists a discrepancy in dates" instead of containing no date at all. *Green*, 799 S.W.2d at 760; *Crider*, 352 S.W.3d at 711. In instances such as this case, "parol evidence to explain the error on the face of the instrument" may be considered in determining whether the issuing magistrate had a substantial basis in issuing its warrant. *Green*, 799 S.W.2d at 761; *see Rougeau v. State*, 738 S.W.2d 651, 663 (Tex. Crim. App. 1987) (upholding warrant because evidence showed affidavit dated January 6, 1977, instead of January 6, 1978, was clearly typographical error), *cert. denied*, 485 U.S. 1029 (1988), *overruled on other grounds by Harris v. State*, 784 S.W.2d 5, 19 (Tex. Crim. App. 1989*); Lyons v. State*, 503 S.W.2d 254, 256 (Tex. Crim. App. 1973) (upholding warrant when evidence was introduced to show that the police officer mistakenly typed "March" instead of "July" on the affidavit); *Martinez v. State*, 285 S.W.2d 221, 222 (Tex. Crim. App. 1955) (upholding warrant when testimony was offered that "December" was mistakenly written on warrant affidavit instead of "January").

7

We hold that because the trial court found, through parol evidence, that the September 1, 2013 date was a "clerical error" and because it found that the correct date was September 2, 2013, the trial court should have legally concluded that the clerical error did not vitiate the search warrant. *See Schornick v. State*, No. 02-10-00183-CR, 2010 WL 4570047, at *3 (Tex. App.—Fort Worth Nov. 4, 2010, no pet.) (mem. op., not designated for publication) (holding that trial court did not err by denying motion to suppress when trooper testified that erroneous date on affidavit was a clerical error). Accordingly, we sustain the State's sole issue.

## IV. CONCLUSION

Having sustained the State's sole issue, we reverse the trial court's order and remand this case to the trial court for further proceedings consistent with this opinion.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 30, 2015

8